The Honorable Scott Hunter Prosecuting Attorney P.O. Box 926 Jonesboro, AR 72403
Dear Mr. Hunter:
This is in response to your request for an opinion regarding absentee voting. You have asked the following specific questions in this regard.
1. Is it violative of the election laws pertaining to absentee ballots and the method of voting them for an individual other than the absentee voter to mail the ballot to the clerk's office?
2. If not, is there any limitation on the number of such absentee ballots that may be picked up and mailed by persons other than the absentee voter, or does the provision of A.C.A.7-5-411(a)(3) which provides: `However, no person may deliver absentee ballots to the clerk for more than two (2) persons' apply?
It is my opinion that the answer to your first question is, generally, "no". Arkansas Code Annotated 7-5-411 (Supp. 1987) governs the methods of voting absentee. Subsection (1) of this provision states in pertinent part that absentee voting may be accomplished "[b]y ballot cast by mail which must be received in the office of the county clerk in the county of residence of the voter not later than 7:30 p.m. on election day." Section 7-5-411
does not on its face require that the physical act of mailing the ballot be effected by the absentee voter, to the exclusion of all others.
It should be noted that one might point to the form of the required statement under A.C.A. 7-5-409 (Supp. 1987) in support of the contention that the ballot cannot be mailed by anyone other than the absentee voter. The blank statement which must be included in the materials sent by the county clerk to the absentee voter applicant includes the following under subsection (b)(4) of7-5-409 (Supp. 1987):
 `I, ________, do swear that on the date of the election to be held, _________, 19__, I will be unavoidably absent from my voting precinct, because of _____________. I am a qualified, registered elector of the _________ (ward, precinct, or township) of _________, Arkansas. I have enclosed my ballot, duly marked, in a small envelope which I shall place with this statement and my ballot stub in a large envelope. I will not vote again in this election.
(Check one)
 I am personally delivering my ballot. _______ I am mailing this ballot to the county clerk. _______'
Similar language is found under A.C.A. 7-5-405 (Supp. 1987) with respect to the required form of the application for an absentee ballot.
It is my opinion, however, that this language is not conclusive and may, on the contrary, belie such an assertion. Had the legislature intended for the ballot to be "personally" mailed, this result could easily have been achieved through insertion of that term. Yet there is no distinction in this regard with respect to mailing, as opposed to delivering, the absentee ballot.
While there are no cases directly on point, the Arkansas Supreme Court's ruling in Bingamin v. City of Eureka Springs, 241 Ark. 477,408 S.W.2d 607 (1966) may be illustrative. The court was faced in that case with a challenge to the validity of certain absentee ballots. The court initially noted that application forms were filled out for the voters by the deputy clerk and taken to the municipal hospital where the voters in question were staying. The clerk stated that she received the requests for applications by mail, but none of the voters testified that they mailed in such a request. 241 Ark. at 481. The testimony of those who voted absentee reflected several problems, attributable primarily to the fact that both the applications for absentee ballots and the ballots were handed to the voters and executed at the same time. Id., at 485. The court noted that this was in direct conflict with the requirement that the permanent registrar determine the validity of the signature on the application before sending out an absentee ballot. Id., at 486.
Of particular significance for purposes of your inquiry is the court's discussion of the application process in this instance. The following discussion is informative:
 Here, not a single one of the six voters directly stated that he or she first executed an application to vote absentee. Conflicting statements were made by some of the witnesses relative to the manner in which the ballots were received. . . . It might be added that not a single one of the six testified either tha[t] he (or she) mailed an application, or requested that one be mailed a ballot, or requested someone to mail it for him.
Id., at 241-242 (Emphasis added).
The court thus appears to suggest that the outcome may have been different had the applications been mailed by the absentee voters, or mailed upon their request, and the signatures verified by the registrar prior to distribution of the ballot forms. While it may therefore be concluded, as a general matter, that the election laws are not violated merely by virtue of a mailing on behalf of an absentee voter, it is apparent that the particular circumstances of each case must also be considered.
In response to your second question, it is my opinion that the limitation contained in A.C.A. 7-5-411(a)(3) (Supp. 1987) applies only to delivery of ballots to the clerk's office on behalf of absentee voters, as distinguished from ballots cast by mail. It thus appears that there are, generally, no express limitations in this regard. However, as previously noted, the validity of ballots cast in this manner must be considered in light of the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Steve Clark Attorney General